UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VAN H.,

                                                Plaintiff,

                                                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                                Defendant.
_____

                                                <u>DECISION AND ORDER</u>

                                                21-CV-1263DGL

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 4, 2020, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since June 8, 2018. (Administrative Transcript, Dkt. #6 at 15). His applications were initially denied. Plaintiff requested a hearing, which was held February 12, 2021 via teleconference before Administrative Law Judge ("ALJ") Paul Georger. The ALJ issued an unfavorable decision on March 30, 2021 (Dkt. #6 at 15-28). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 7, 2021. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for the calculation and payment of benefits, or in the alternative for further proceedings (Dkt. #7), and the Commissioner has cross moved (Dkt. #8) for judgment

on the pleadings. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the following severe impairments, not meeting or equaling a listed impairment: degenerative disc disease of the lumbar spine with radiculopathy status-post lumbar fusion surgery with instrumentation, and obesity. (Dkt. #6 at 17-18).

Plaintiff was 45 years old on the alleged onset date, with a high school education and past relevant work as a personal care aide, casino valet, and warehouse worker. (Dkt. #6 at 26). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform sedentary work that never requires climbing ramps, stairs, ladders, ropes, or scaffolds, or balancing, kneeling, crouching, or crawling. Plaintiff can stoop no more than occasionally, and requires the ability to change positions between sitting and standing every 45 minutes. (Dkt. #6 at 19).

When presented with this RFC as a hypothetical at the hearing, vocational expert Francesco Fazzolari testified that such an individual could perform the sedentary unskilled jobs of assembler, polisher, and inspector. (Dkt. #6 at 27). The ALJ accordingly found plaintiff not disabled.

### I.   Medical Opinions of Record

Plaintiff contends that the ALJ erred in his assessment of the medical opinions of record, and that his failure to properly weigh the persuasiveness of those opinions, and/or incorporate them into this RFC finding, resulted in an RFC determination that was unsupported by substantial evidence, and constituted the substitution of layperson opinion for competent medical opinion.

The Court concurs.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

3

A.     Dr. Mangat's Medical Opinion

The record contained just one medical opinion from a treating or reviewing physician – that of plaintiff's treating internist, Dr. Simmanjeet Mangat. In a December 31, 2020 treating source statement, Dr. Mangat opined that due to low back pain resulting from lumbar disc disease with a "guarded" prognosis, plaintiff could sit for up to 2-4 hours, and stand or walk for up to 1 hour, in an 8-hour workday, and required the ability to alternate between sitting and standing every 30-60 minutes. He stated that plaintiff could rarely lift or carry up to 10 pounds, rarely push or pull with his arms, never push or pull with his legs, and rarely reach in any direction or engage in gross or finger manipulation or feeling. Dr. Mangat further indicated that plaintiff's symptoms would frequently interfere with his attention and concentration even for simple tasks, and that plaintiff needed unscheduled breaks for approximately 10 minutes, every 30-60 minutes, throughout the workday, would need to elevate his legs for 10 minutes every 3-4 hours, and would miss at least 4 days of work per month due to symptoms. Finally, Dr. Mangat assessed several environmental limitations, including the avoidance of temperature extremes, noise, dust, vibration, humidity/wetness, fumes, odors, chemicals, gases, and workplace hazards such as heights and moving machinery. (Dkt. #6 at 486-87).

When asked to identify and explain the objective or clinical findings that supported his opinion, Dr. Mangat stated that plaintiff's lumbar disc disease, even after surgery, resulted in a limited range of motion in plaintiff's back, hips, and hands, and that plaintiff walked with a measured gait and used a cane to ambulate. (Dkt. #6 at 487).

The ALJ found Dr. Mangat's opinion "partially persuasive," observing that while the "exertional limitations assessed by Dr. Mangat are consistent with consistent with [sic] the claimant's complaints of chronic pain, the results of diagnostic imaging, his history of fusion

4

surgery, and his essentially normal physical examinations," the "non-exertional limitations assessed by Dr. Mangat are unsupported by the record." (Dkt. #6 at 25). In declining to adopt the non-exertional limitations, the ALJ noted the absence of medical evidence indicating a respiratory problem, the lack of complaints of difficulty with concentration, and the dearth of "reported exacerbations of pain or other symptoms" that would result in absence from work. (Dkt. #6 at 25-26).

Assuming *arguendo* that the ALJ's rejection of the nonexertional limitations specified by Dr. Mangat was not erroneous (an issue which the Court does not reach), the ALJ purported to credit all of the exertional limitations described by Dr. Mangat, finding them well-supported by the record, but then failed to incorporate any of them into his RFC determination. For example, Dr. Mangat stated that plaintiff could sit for up to 4 hours and stand or walk for up to 1 hour in an 8-hour workday and could lift up to 10 pounds or push/pull with his arms no more than "rarely," but the ALJ's sedentary RFC determination contemplated sitting for up to 6 hours, standing/walking for up to 2 hours, lifting up to 10 pounds "occasionally," and pushing/pulling "occasionally," in an 8-hour workday. (Dkt. #6 at 19, 486). Because the ALJ provided no explanation for these broad discrepancies, the Court is unable to review his reasoning, or even to determine whether the ALJ's failure to credit several exertional limitations in an opinion that he claimed to have found "persuasive" was purposeful, or a mistake.

Where, as here, it is unclear how or by what chain of reasoning the ALJ reached his RFC determination, meaningful review is prevented and remand is necessary. *See e.g.*, *Starr v. Saul*, 2019 U.S. Dist. LEXIS 144162 at *6 (W.D.N.Y. 2019)(when an ALJ does "not connect the record evidence and RFC findings," the court is left "with many unanswered questions and [lacks] an adequate basis for meaningful judicial review")(quoting *Gorny v. Commissioner*, 2018 U.S. Dist.

LEXIS 184815 at *11 (W.D.N.Y. 2018)); *Jordan v. Berryhill*, 2018 U.S. Dist. LEXIS 195216 at *8-*9 (W.D.N.Y. 2018)(the ALJ must explain "the tether between her RFC [determination] and the non-stale medical opinions or statements from plaintiff," otherwise "the RFC appears to be based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand").

Furthermore, because the incorporation of some or all of the limitations contained in the "persuasive" portions of Dr. Mangat's opinion had the potential to alter the ALJ's ultimate disability finding, the ALJ's failure to explain his rationale in rejecting them was not harmless, and remand is necessary.

Having concluded that remand is necessary to reweigh the evidence of record and render a new opinion, I decline to address plaintiff's additional arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #7) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #8) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should reassess the plaintiff's claim of disability, apply the proper standards to the medical opinions of record with due consideration for the supportability and consistency of each, recontact Dr. Mangat or order supplemental medical opinion evidence to the

extent the ALJ deems appropriate, and render an entirely new decision which explains the reasons that each of the opined limitations are adopted or rejected.

    IT IS SO ORDERED.

                                                          _/s/ David G. Larimer_
                                                            DAVID G. LARIMER
                                                        United States District Judge

Dated:  Rochester, New York
         May 16, 2023.